WESTERN UNION TELEGRAPH CO. v. W. V. SULLIVAN.

1. JUSTICE OF THE PEACE.  *Jurisdiction.*  *Action on penal statutes.*

   The jurisdiction "of all actions for the recovery of debts or damages or personal property" conferred on justices of the peace by code 1871, ¿ 1302, and code 1880, ¿ 2190 (code 1892, ¿ 2394), embraces suits "founded on any penal statute," although these words, which appear in the corresponding section of code 1857 (p. 405), were not brought forward.

2. SAME.  *Appeal.*  *Penalty less than fifty dollars.*  *Code* 1880, ¿ 2354.

   Accordingly, the jurisdiction of the circuit courts in suits for penalties, where the principal of the demand does not exceed $150, is purely appellate, and if the amount in controversy does not exceed $50, no appeal lies to the supreme court.  Code 1880, ¿ 2354.

MOTION in supreme court to dismiss the appeal.

Appellee, W. V. Sullivan, brought an action against appellant, the Western Union Telegraph Co., in a justice court of Lafayette county, to recover the sum of twenty-five dollars, the statutory penalty prescribed by the act of 1886 (Laws, p. 91) for failure to promptly transmit and deliver a telegram.   There was a judgment for plaintiff in the justice court, and also in the circuit court, on appeal, for the said amount.   Thereupon, defendant appeals to this court, contending that § 2354, code 1880, which grants the right of appeal to the supreme court in suits originating in the justice court only where the amount in controversy exceeds fifty dollars, does not apply, because this is a suit on a penal statute, and justices of the peace have no jurisdiction of such suits, even where the amount is within their jurisdiction; that the words "founded on any penal statute," which appear in article 7, p. 405, code 1857, containing the grant of civil jurisdiction to justices of the peace, have been omitted from the subsequent codes; that the justice of the peace, being without jurisdiction, the circuit court will be deemed

have tried the case under its original jurisdiction, and it an appeal will therefore lie to this court.

Appellee moves to dismiss the appeal.

*Brame & Alexander,* for motion.

*Mayes & Harris, contra.*

The justice court has no jurisdiction of any suit based on a penal statute, unless the statute confers it expressly. *Cocke* v. *Board of Police,* 38 Miss., 340; 13 S. E. Rep., 431; 11 *Ib.,* 296; 84 Ga, 804. The act of 1886 is a penal statute, and the penalty is a distinct demand. *Wilkins* v. *Telegraph Co.,* 68 Miss:, 6. The act confers no jurisdiction, but leaves that to the general statutes.

The demand here is not a debt, nor is it damages, being for a sum certain. 3 Serg. & Rawls (Pa.); Am. & Eng. Enc. L., "Debt;" 7 Hill, 301; 4 How. (U. S.), 21; 3 Metc., 563; 2 Tex., 481; 5 Md., 337; 47 Ark., 344; 86 Ga., 104; 69 Ind., 199. The jurisdiction conferred in suits on penal statutes by code 1857 has been omitted designedly from the subsequent codes.

As the justice of the peace had no jurisdiction, the circuit court either had original jurisdiction and the judgment is a valid *original* judgment, or that court was without jurisdiction because the magistrate had none, and the judgment is void. In either case, an appeal lies to this court—in the one case to test the correctness of the judgment, or, in the other case, to test its validity.

Argued orally by *C. H. Alexander,* for motion, and *E. Mayes, contra.*

CAMPBELL, C. J., delivered the opinion of the court.

Section 1302 of the code of 1871 (§ 2190, code of 1880; 2394, code of 1892), embraces, in terse and comprehensive language, all of the jurisdiction conferred on justices of the

peace by art. 7, p. 405, of the code of 1857, differing only as to amount in controversy. The language of the clause, "founded on any penal statute," contained in the code of 1857, was left out of that of 1871, not to deprive justices of the peace of such jurisdiction, but because it was unnecessary to retain this language, in view of the very comprehensive terms employed by the section, which was manifestly designed to enlarge and extend, and not circumscribe, the jurisdiction of these magistrates. The word " *debts* " embraces penalties recoverable by civil action. In its largest sense, it signifies any thing for which one is liable or bound to another, or which may be exacted of one; and it was used in this sense in conferring jurisdiction on justices of the peace. The terms " *debts or damages or personal property* " embrace every subject of recovery other than realty.

*Motion to dismiss sustained.*